**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

IAN A. WOODS, *et al.*,

        Plaintiffs,

vs.

MAXIMUS COFFEE GROUP, *et al.*,

        Defendants.

Case No. 2:14–cv–1556–RFB–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

        This matter involves three *pro se* Plaintiffs' products-liability action against various entities that manufacture caffeinated products. Before the court is Ian Woods (#1[1]), Clifford Stubbs (#2), and Jerrad Henke's Applications to Proceed *in Forma Pauperis* (#3) together with their Complaint. For the reasons stated below,

**BACKGROUND**

        *Pro se* Plaintiffs, Ian Woods, Jerrad Henke, and Clifford Stubbs, are incarcerated in Nevada's Southern Desert Correctional Center. They complain of a variety of health problems, including tooth decay, kidney damage, migraine headaches, nerve damage, and depression, that is the result of their addiction to caffeinated products. These health hazards, Plaintiffs allege, are well known and therefore trigger a duty-to-warn among those, like the twenty-six Defendants named in the complaint, who sell caffeinated products.

***IN FORMA PAUPERIS* APPLICATION**

        Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or

---

[1] Parenthetical citations refer to the court's docket.

security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Here, Plaintiffs assert in their applications to proceed *in forma pauperis* that they are unemployed, incarcerated, and maintain prison account balances between $0.00 and $78.00. There have no other source of income. Accordingly, Plaintiffs' applications to proceed *in forma pauperis* are granted.

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Plaintiffs' complaint asserts a cause of action for strict liability on the grounds that various entities that manufacture caffeinated products failed to provide adequate warning regarding caffeine's health hazards. However, Plaintiffs' complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction." *See* FED. R. CIV. P. 8(a)(1).

Plaintiffs' complaint should be dismissed because it is unclear from the face of the pleadings whether the court has subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute, *see id*. (citation omitted) and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sites. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799).

Indeed, the Ninth Circuit recently determined that the Supreme Court's decision in *Ashcroft v. Iqbal* apples to Rule 8(a)(1). *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir 2014). This means that jurisdictional allegations must be plausible and cannot be conclusory. The jurisdictional allegations contained in Plaintiffs' complaint are at best described as conclusory. As a result, the court must recommend dismissal with leave to amend. *See* FED. R. CIV. P. 12(h)(3); *Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Applications to Proceed *In Forma Pauperis* (#1, #2, #3) are GRANTED.

4

IT IS FURTHER ORDERED that Plaintiffs are permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiffs' Complaint (#1-1) be DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER RECOMMENDED that the Court set a DEADLINE to file the amended complaint.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 7th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE