UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IAN A. WOODS, *et al*, | Case No. 2:14-cv-01556-RFB-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| MAXIMUS COFFEE GROUP, *et al.*, | |
| Defendants. | |

Before the Court for consideration is the Plaintiffs' First Amended Complaint (ECF No. 6), entered Oct. 29, 2014.

On October 7, 2014, the Honorable V. Cam Ferenbach, United States Magistrate Judge, issued an Order and Report & Recommendation granting Plaintiffs' Applications to Proceed *In Forma Pauperis* and recommending that Plaintiffs' original Complaint be dismissed with leave to amend because it was unclear from the face of the Complaint whether the Court had subject-matter jurisdiction over Plaintiffs' claims. ECF No. 4. Plaintiffs did not file objections to the Report & Recommendation, but did file an Amended Complaint 22 days later, on October 29, 2014. ECF No. 6. On January 29, 2015, the Court accepted and adopted the Report & Recommendation in part and dismissed Plaintiffs' original Complaint. ECF No. 4.

The Amended Complaint attempts to address the jurisdictional flaws of the original Complaint. However, the Amended Complaint still fails to properly establish subject-matter jurisdiction in this Court.

Jurisdiction must be established because federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Limited jurisdiction

1 means that federal courts possess only that power authorized by the Constitution or a specific
2 federal statute. Id. One such statute relevant here authorizes federal subject-matter jurisdiction
3 over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,
4 exclusive of interest and costs," and is between citizens of different States, between U.S. citizens
5 and foreign citizens, or between foreign states and U.S. citizens. 28 U.S.C. § 1332(a). Federal
6 courts are to presume that cases lie outside their jurisdiction, and the burden of proving
7 jurisdiction rests on the party asserting it. Kokkonen, 511 U.S. at 377. Finally, courts "have an
8 independent obligation to determine whether subject-matter jurisdiction exists, even in the
9 absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006).

10 In their Amended Complaint, Plaintiffs allege that this Court has jurisdiction because
11 complete diversity of citizenship exists between the parties but also assert that all Plaintiffs and
12 Defendants are citizens of the state of Nevada. Am. Compl. at 1-6, ECF No. 6. For the purposes
13 of federal diversity jurisdiction, the opposing parties must be citizens of *different* States. 28
14 U.S.C. §1332(a)(1). Furthermore, diversity jurisdiction requires complete diversity, meaning
15 "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp.
16 Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Because the Amended Complaint claims
17 Nevada citizenship for each plaintiff and defendant, the Amended Complaint fails to establish
18 diversity jurisdiction.

19 Plaintiffs also claim that the Amended Complain falls within the Court's admiralty or
20 maritime jurisdiction. Am. Compl. at 6. "An essential to the jurisdiction of the admiralty courts
21 over a tort is that it was committed in relation to navigable waters." United States v. Matson Nav.
22 Co., 201 F.2d 610, 613 (9th Cir. 1953). Plaintiffs' Amended Complaint contains no reference
23 whatsoever to navigable waters, nor can the Court reasonably infer such a connection, and thus
24 Plaintiffs have not established admiralty or maritime jurisdiction.

25 As the Court has no subject-matter jurisdiction, it must dismiss this case. Fed. R. Civ. P.
26 12(h)(3). "Although a district court should grant the plaintiff leave to amend if the complaint can
27 possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper
28 if it is clear that the complaint could not be saved by amendment." Zixiang Li v. Kerry, 710 F.3d

995, 999 (9th Cir. 2013) (alteration in original) (internal citations and quotation marks omitted). Here, it is apparent from the face of the Amended Complaint that the Court lacks subject-matter jurisdiction and that this deficiency cannot possibly be cured by amendment. Therefore, leave to amend is denied.

For these reasons,

**IT IS ORDERED** that this case is DISMISSED WITHOUT PREJUDICE.

DATED: June 26, 2015.

_____

**RICHARD F. BOULWARE, II**
**United States District Judge**